UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARTHA HANKINS                               CIVIL ACTION NO. 20-cv-0441

VERSUS                                       JUDGE ELIZABETH E. FOOTE

RORY MESSICK, ET AL                          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

**Introduction**

Martha Hankins ("Plaintiff") filed this civil action in state court for damages arising out of a trip and fall in a McDonald's parking lot.  Defendants Messick-Many, LLC, Messick-Management, LLC, and Rory Messick removed the case to this federal court on the basis of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

**Citizenship of the LLCs**

The notice of removal alleges that Messick-Many, LLC is "a foreign corporation organized pursuant to the laws of the State of Texas, having its principal place of business in Harris County, Texas."  The notice also alleges that Messick-Management, LLC is "a foreign corporation organized pursuant to the laws of the State of Texas, having its principal place of business in Harris County, Texas."  The "LLC" in the names of both of these entities suggests that they are not corporations but are unincorporated limited liability

companies. The companies said in their corporate disclosure statements (Docs. 4 & 5) that they are limited liability companies.

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Defendants must file by **May 12, 2020** an amended notice of removal that clarifies whether Messick-Many, LLC and Messick-Management, LLC are corporations or LLCs. If they are LLCs, their citizenship must be alleged in accordance with the rules outlined above. If Defendants contend that the entities are corporations, Defendants should explain the inclusion of "LLC" in their names and cite legal authority for including those letters in the name of a corporation formed under Texas law. See David v. Martinez, 2019 WL 2246789 (W.D. La. 2019) (addressing similar issue with Pennsylvania entity).

**Amount in Controversy**

To establish the amount in controversy, the notice of removal relies solely on the petition filed in state court.  Those allegations might be sufficient, but Defendants may wish to include additional facts in their amended notice of removal to assist the court in considering whether the removing defendants have met their burden.  Helpful facts may include the amount of any medical bills, the nature and extent of medical care, any settlement demands, and the like.

**Citizenship of Rory Messick**

The notice of removal alleges that defendant Rory Messick is a citizen of Texas rather than a citizen of Louisiana as Plaintiff alleged in her petition.  If Plaintiff disagrees with that assertion, she should file, no later than **May 12, 2020**, a motion for leave to conduct limited discovery on the issue of Rory Messick's citizenship.  If no such motion is filed, the court will deem Plaintiff to agree that Rory Messick is a citizen of Texas.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of April, 2020.

Mark L. Hornsby
U.S. Magistrate Judge