UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARTHA HANKINS                                    CIVIL ACTION NO. 20-cv-441

VERSUS

RORY MESSICK ET AL                                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Martha Hankins ("Plaintiff") stopped at a McDonald's restaurant in Many, Louisiana. She fell in the parking lot and was injured. Plaintiff filed this suit in state court against Messick-Many, LLC and two other defendants alleged to be associated with ownership or operation of the restaurant. Defendants removed the case based on diversity jurisdiction, the parties filed written consent to have the case decided by the undersigned magistrate judge, and the case was referred pursuant to 28 U.S.C. § 636(c). Before the court is the Defendants' Motion for Summary Judgment (Doc. 38). For the reasons that follow, the motion will be granted.

**Relevant Facts**

Defendants' motion is accompanied by excerpts from Plaintiff's deposition and a color photograph of an area of the McDonald's parking lot that depicts a manhole cover. Plaintiff's opposition to the motion is accompanied by the same excerpts from her deposition, plus two additional pages. Neither party submitted any other summary judgment evidence.

Plaintiff testified that she traveled to Many, a town with which she was not familiar, to pick up some parts. She then stopped by the McDonald's, a location she had never visited, to use the restroom and get a Diet Coke. She parked in an area where there was "a nice little walk to the door." Plaintiff said a male restaurant employee was washing part of the parking lot "with a spray hose and spraying quite a bit of water out and I didn't want to get wet, so I moved over to the left a little bit more to go to the door, and that's when it happened." She said she hit the ground, which knocked the breath out of her, and blood came into her mouth.

Plaintiff was asked why she hit the ground. She answered, "I stubbed my toe is all I know." She was asked what she stubbed her toe on, and she said, "I don't know unless it was that - - it had to be that little raised area there for the - -." She was not sure of the name of the item. Defense counsel asked if it would have been a manhole cover, and she said it was. Plaintiff was asked if the manhole cover was protruding out, and she said, "I didn't go back and just look at it, but I know I stubbed my toe and down I went."

Plaintiff was asked about the man spraying water in the area and whether she believed it was water that caused her fall. She answered, "No. But the spraying of the water made me go that direction." Counsel asked if it was fair to rule water out as a cause, and Plaintiff said, "I would say so." She was then asked if what caused her to fall was the manhole cover, and she answered, "As far as I know, yes. That's the way I understood it to happen."

Plaintiff was asked if she was looking down or straight ahead. She answered, "Well I don't always look down when I'm walking because I'm walking looking toward the door

and the entrance, you know." She said she could not remember if she was looking down or if she saw the manhole cover before she stubbed her toe on it. She said she did not know if anyone ever inspected the manhole cover.

Defense counsel explored whether Plaintiff considered the manhole cover to be an open and obvious hazard. Plaintiff said she considered it a hazard and that she felt like "it needs to be where I would have noticed it." Defense counsel then got her to agree that it was an open and obvious hazard. Plaintiff added, "I think it should be highlighted and I think they need to maybe do their washing of their whatevers earlier than they have patrons."

The color photograph (Doc. 38-4) of the area of the fall depicts a large portion of a typical concrete parking lot. There are joints/spaces between large sections of concrete. The manhole cover is in the center of one of those sections. The cover appears to be flush with the surrounding surface. There is no indication in the photo that the cover protrudes above the surface or is sunken below the surrounding surface to any appreciable extent.

**Summary Judgment**

Summary judgment is proper when the movant can demonstrate that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law. All facts and inferences must be construed in the light most favorable to the non-movant. Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 248 (5th Cir. 2008). Where the non-moving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, no genuine dispute of material fact can exist. McLaurin v. Noble Drilling (US) Inc., 529 F.3d 285, 288 (5th Cir. 2008).

**Analysis**

    **A. The Merchant Liability Statute**

The Louisiana Merchant Liability Statute, La. R.S. 9:2800.6(A), provides that a merchant "owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." That duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." Id.

The parties debate whether the Merchant Liability Statute or La. Civ. Code art. 2317.1[1] is applicable to this case that arose in a parking lot. The Louisiana Fourth Circuit Court of Appeal recently stated that it and all other Louisiana circuits have applied the Merchant Liability Statute to fall accidents that occur in merchant or gas station parking lots. Davis v. Cheema, Inc., 171 So.3d 984, 988 (La. App. 4th Cir. 2015) (collecting cases). The Supreme Court of Louisiana has applied the statute to a parking lot fall case. Reed v. Wal-Mart Stores, Inc., 708 So.2d 362 (La. 1998). The federal Fifth Circuit recently applied the statute to a claim against Wal-Mart that was based on a fall in a parking lot that was blamed on uneven concrete. Buchanan v. Wal-Mart Stores, Inc., 834 Fed. Appx. 58 (5th Cir. 2020). The undersigned will, accordingly, apply the statute.

---

[1] Article 2317.1 provides: "The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care."

That said, both the statute and the code article are alike in that they require the plaintiff to prove a condition that presented an unreasonable risk of harm. This is demonstrated by Hotard v. Sam's E., Inc., 2021 WL 2700381 (M.D. La. 2021). The court held that the merchant in parking lot fall case was entitled to summary judgment, whether the statute or code article applied, because the plaintiff could not show a condition that presented an unreasonable risk of harm.

To establish liability under § 2800.6, a claimant must prove all of the following: (1) The condition presented *an unreasonable risk of harm to the claimant* and that risk of harm was reasonably foreseeable; (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) The merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B) (emphasis added); See also Cates v. Dillard Dep't Stores, Inc., 624 F.3d 695, 696 (5th Cir. 2010).

**B. Height Deviation**

Defendants argue that they are entitled to summary judgment because the manhole cover did not present an unreasonable risk of harm and was open and obvious. Plaintiff first responds that summary judgment should be denied because "this manhole cover is clearly not flush with the surface level of the concrete surrounding it." But there is no summary judgment evidence to support that contention.

Plaintiff testified that neither she nor anyone acting on her behalf inspected the manhole cover, and there is no testimony from an expert or lay person on whether or by how much the cover was not aligned with the surrounding concrete. The only summary

judgment evidence on this point is the photograph, which appears to depict the metal manhole cover being almost perfectly flush with the surrounding concrete.

Even if there were a minor deviation, "Louisiana jurisprudence has consistently held that a one-and-one half inch deviation does not generally present an unreasonable risk of harm." Chambers v. Vill. of Moreauville, 85 So. 3d 593, 598 (La. 2012); see also Buchanan, 834 Fed. Appx. at 62 (collecting Louisiana cases holding that minor height variances in sidewalks or parking lots do not present an unreasonable risk of harm). In Reagan v. Recreation & Park Comm'n for Par. of E. Baton Rouge, 184 So. 3d 668 (La. 2015), the court observed, "Our jurisprudence has consistently held that small cracks or minor deviations in a sidewalk do not present an unreasonable risk of harm."

Reagan held that the merchant was entitled to summary judgment when the evidence showed a 5/8" crack or seam in a sidewalk. The plaintiff speculated the crack may have been larger, but she presented no evidence in support of that contention. Summary judgment was also granted for a merchant when a concrete collar around a manhole cover in the parking lot was at most an inch higher than the surrounding pavement. Mildred Davis v. Wal-Mart Louisiana, L.L.C., 2021 WL 2627693 (W.D. La. 2021) (Drell, J.). The evidence in this case does not indicate that there is any deviation in the height of the manhole cover that would defeat the motion for summary judgment.

**C. Spraying Water**

Plaintiff next argues that summary judgment should be denied because Defendants failed to exercise reasonable care when one of its employees was "spraying water in an area regularly traversed by patrons during business hours." Plaintiff testified that she

varied her route because of the water, but she agreed that the water itself did not cause her to fall. She also did not suggest that the water in that area required her to walk through an area that was not designed and used for walking from a car to the restaurant. It appears that Plaintiff merely changed course from one route to another, with both routes within the parking lot.

It is possible that general negligence principles could apply to a claim for merchant liability based on a customer's direct interaction with an employee. Capriotti v. Brookshire Grocery Co., 2019 WL 2611037 (W.D. La. 2019) (Foote, J.), citing Crooks v. Nat'l Union Fire Ins. Co., 620 So.2d 421 (La. App. 3rd Cir. 1993) (plaintiff tripped by employee with a vacuum cleaner cord). But plaintiff has not cited any authority for the proposition that a merchant is negligent if it attempts to clean its parking lot during business hours.

The plaintiff in Melancon v. Popeye's Famous Fried Chicken, 59 So.3d 513 (La. App. 3rd Cir. 2011) argued that a restaurant should only mop its floors when the store is closed and that mopping during business hours creates an unreasonable risk of harm. The court responded, "This is an unreasonable duty to impose upon store owners. There are a multitude of reasons, including patron safety, requiring that store owners clean up various spills on their floors and provide a clean environment." Id. at 516.

That same rationale allowed the merchant in this case to spray water on its parking lot or sidewalk area during business hours without being deemed at fault. There is no indication that the spraying was done in negligent manner or that it caused Plaintiff to fall. The fact that the merchant was spraying water during business hours does not, in these

circumstances, give rise to a genuine dispute of material fact that would defeat summary judgment.

**D. Lack of Bright Marking**

Finally, Plaintiff argues that summary judgment should be denied because Defendants failed to exercise reasonable care "by not marking the manhole cover with bright colors to call attention to it." Plaintiffs do not cite any authority for the proposition that a manhole cover, otherwise flush with the surrounding surface, presents an unreasonable risk of harm if it is not painted with bright colors. Plaintiff has also not pointed to any ordinance, safety code, or design standards that require or recommend such marking.

Most manhole covers seen in this state are not painted in bright colors, and the court has not located any jurisprudence that would mandate such painting to avoid fault if anyone trips in the vicinity of an unpainted manhole cover. There are, however, cases, that have held an owner was not liable for a patron's fall over a raised item in a parking lot when the item was not painted or made distinct from the surrounding flat area. For example, an unpainted wheel stop in a casino parking lot was held not a hazardous condition in Labit v. Palms Casino & Truck Stop, Inc., 91 So. 3d 540, 546 (La. App. 4th Cir. 2012). Summary judgment was granted for the merchant in Standifer v. Circle K Stores, Inc., 2015 WL 2452428 (W.D. La. 2015) (James, J.) when the plaintiff tripped over a gray, unpainted concrete wheel stop in a black asphalt parking lot, despite the plaintiff's argument that the failure to paint the item yellow created an unreasonably dangerous condition. And in Doane v. Wal-Mart Disc. Stores, Inc., 697 So.2d 309 (La. App. 4th Cir. 1997), the customer

tripped on a speed bump that was painted yellow, the same color used to paint stripes in the cross-walk and other flat surfaces of the lot. The trial judge found that the paint scheme made the bump dangerous and constituted negligence. The appellate court reversed a verdict for the plaintiff because the bump was not unreasonably dangerous. "All plaintiff proved was that the speed bump was there and she tripped on it, that she didn't see it because she was not looking where she was going." Id. at 311. Those decisions defeat Plaintiff's argument that the manhole cover could be considered unreasonably dangerous due to a lack of bright paint or marking.

**Conclusion**

Defendants shouldered their initial summary judgment burden of arguing that Plaintiff could not present evidence to establish a critical element of her claim, being an unreasonably dangerous condition on the premises. Plaintiff's burden was to respond and point to competent summary judgment evidence that would create a genuine dispute of material fact on that point. The evidence submitted by Plaintiff does not meet her burden. Nothing in the summary judgment record indicates a condition in the parking lot that was unreasonably dangerous within the meaning of Louisiana law, and there is no legal support for Plaintiff's argument that the merchant was negligent by cleaning its parking lot during business hours. Accordingly, Defendant's Motion for Summary Judgment (Doc. 38) is granted. A judgment will be entered dismissing Plaintiff's claims with prejudice.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 12th day of August, 2021.

Mark L. Hornsby
U.S. Magistrate Judge